**Entered on Docket**
**April 22, 2016**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**Signed and Filed: April 22, 2016**



_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>JOHN JEFFERSON VITALICH,<br><br>        Debtor.<br>_____ | Bankruptcy Case<br>No. 15-53524 DM<br><br>Chapter 11 |
| JOHN J. VITALICH,<br><br>        Plaintiff,<br><br>v.<br><br>ALLIANCE BANCORP AND THE BANK OF NEW YORK; THE BANK OF NEW YORK AS TRUSTEE FOR SECURITIZED TRUST ALTERNATIVE LOAN TRUST 2006-OC3; COUNTRYWIDE HOME LOANS, INC.; CWALT, INC.; COUNTRYWIDE HOME LOANS SERVICING LP; MORTGAGE ELECTRONIC REGISTRATION SYSTEM, AKA "MERS" AND DOES 1 THROUGH 100, INCLUSIVE,<br><br>        Defendants.<br>_____ | Adversary Proceeding<br>No. 16-5008 DM |

MEMORANDUM DECISION ON MOTION TO DISMISS AND MOTION
FOR LEAVE TO FILE AMENDED COMPLAINT

I. INTRODUCTION

  On January 28, 2016, pro se chapter 11 debtor John J. Vitalich ("Plaintiff") commenced this adversary proceeding by filing a complaint ("Complaint") against numerous defendants. The Complaint sets forth ten causes of action, all relating to real

-1-

property owned by Plaintiff in Seaside, California ("the Property").

On March 1, 2016, the Bank of New York Mellon, its servicing agent Select Portfolio Servicing, Inc., and Mortgage Electronic Registration Systems, Inc. filed a motion to dismiss the adversary proceeding under the Fed. R. Civ. P. 12(b)(6) (made applicable by Fed. R. Bankr. P. 7012) or alternatively for a more definite statement (the "Motion"). The Motion was properly noticed and served on Plaintiff. Plaintiff did not file a timely opposition.

On the date set for hearing on the Motion, Plaintiff filed a motion for leave to file an amended complaint (the "Motion For Leave") and a proposed Amended Complaint ("Amended Complaint"). The Amended Complaint drops some causes of action that were in the Complaint but the thrust of the Amended Complaint is basically the same as that set forth in the Complaint concerning the Property. More particularly, Plaintiff challenges the standing of various defendants to foreclose, claims to be the victim of fraud in the concealment of material facts, intentional infliction of emotional distress and breach of the covenant of good faith. He also contends that defendants are liable for slander of title and that the court should quiet title in the Property in favor of Plaintiff. A new cause of action for civil conspiracy is included, as is a cause of action for violation of the automatic (sic) in which Plaintiff contends in one paragraph that Bank of New York violated the automatic stay during his 2010 bankruptcy.

At the hearing on the Motion, the court questioned Plaintiff as to why he did not respond to the Motion. His only response was that by filing the Amended Complaint he rendered the Complaint and

Case: 16-05008    Doc# 27    Filed: 04/22/16    Entered: 04/22/16 13:59:05    Page 2 of 7

the Motion moot.  The court elected to take the Motion and the Motion For Leave under submission because the Motion identified numerous pleading defects that would mandate dismissal of the Amended Complaint if it suffered from the same defects.  Stated otherwise, had Plaintiff opposed the Motion, it is likely that the court would have granted it with leave to amend.  The Amended Complaint no doubt would be the subject of yet another motion to dismiss by some or all defendants.  Rather than put any of the defendants to the burden, expense and delay of a second motion to dismiss, the court presumed that the pleading defects in the Complaint, identified in the Motion, if corrected, would survive and the Amended Complaint allowed to proceed.

After reviewing the Amended Complaint, the court is satisfied that virtually all of the pleading defects identified in the Motion continue in the Amended Complaint, and that therefore the Motion should be granted, not only as to the moving parties but as to all defendants, and the Motion For Leave should be denied, without leave to amend except as to one claim.

II.  DISCUSSION

Both the Complaint and the Amended Complaint repeatedly lump all defendants into virtually all of the allegations such that no defendant could possibly know whether it, or other defendants, is charged with the actions alleged by Plaintiff.  Further, both the Complaint and the Amended Complaint suffer repeatedly from what Defendant Bank of New York described as "shotgun" pleading.  For example, in paragraph 13 of the Amended Complaint, Plaintiff alleges that "at all times material hereto Defendants knew of Countrywide's actions and participated in them."  There is no

Case: 16-05008    Doc# 27    Filed: 04/22/16    Entered: 04/22/16 13:59:05    Page 3 of 7

specificity as to which defendants knew anything, what specifically they knew, when they knew it, and how they participated in them.  The same is true with respect to countless allegations that go on and on about the securitization of the original loan to Plaintiff and the broad allegation in paragraph 27(f) that "Defendants violated the pertinent terms of the [Pooling and Servicing Agreement]."

In the Complaint, Plaintiff asserted the issues arising out of the Pooling and Servicing Agreement as the apparent lack of standing to foreclose by various defendants.  In the Amended Complaint he does not repeat that same cause of action, but alleges numerous defects under applicable law, concluding in paragraph 28 that none of the defendants "hold a perfected and secured claim in the Property; and that all Defendants are estopped and precluded from asserting an unsecured claim against Plaintiff's estate."

The foregoing general allegations appear in the factual allegations of the Amended Complaint.  In count one, Plaintiff alleges and incorporates all of the preceding paragraphs, and then contends much the same as alleged before and seeks Declaratory Relief that "Defendants had/has no right to foreclosure against the Property."  No matter how he words it, he is still faced with defendants' convincing argument that he lacks standing to challenge the securitization of the loan.

The second cause of action in the Amended Complaint is Fraud In The Concealment.  That count is virtually the same as appears in the Complaint.  The same can be said as to the third claim for relief, Intentional Infliction of Emotional Distress.  It

-4-

virtually repeats without specificity the allegations of the fourth cause of action in the Complaint, also for the same tort. Plaintiff repeatedly alleges conduct by "Defendants" without any specificity as to the traditional "who, what, where, and when" that is required under *Ascroft v. Iqbal*, 129 S.Ct. 1937 (2009), *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and numerous decisions that follow those two seminal cases.

The fourth claim for relief in the Amended Complaint is for Slander Of Title. It is the same as the sixth claim for relief in the Complaint. And the fifth claim for relief, Quiet Title, is the same as the fifth claim for relief in the Complaint.

A new claim for relief is the sixth claim for relief, Civil Conspiracy. Here that claim suffers from the same lack of specificity and shotgun approach of lumping all defendants into the sparse allegations of the claim that provide no notice to a defendant as to what it is charged with. The same is true with respect to the seventh cause of action, Breach Of Covenant Of Good Faith and Fair Dealing.

Finally, Plaintiff alleges an eighth claim for relief, which is clearly is for violation of the automatic stay in a prior bankruptcy. There are no specifics that put any defendant on notice in the single paragraph of the Amended Complaint.

Plaintiff has had ample opportunity to cure the defects in the Complaint, primarily because of the extensive arguments set forth in the Motion. He has not taken heed of those warnings and plainly any further amendment would not only be futile, it would impermissibly burden all defendants. It is time to put an end to Plaintiff's haphazard "throw it all against the wall and see what

Case: 16-05008   Doc# 27   Filed: 04/22/16   Entered: 04/22/16 13:59:05   Page 5 of 7

sticks" style and spare defendants of any further inconvenience. Accordingly, the court, by separate orders, will grant the Motion and deny the Motion For Leave. The denial of the Motion For Leave will be without leave to amend further, except with respect to a claim for relief based upon violations of the automatic stay. Plaintiff will be given twenty days from the date of the orders being issued concurrently with this Memorandum Decision, to file a Second Amended Complaint, limited to his contentions that some Defendants may have violated the automatic stay in his prior bankruptcy. He is cautioned, however, that he must plead such violations with specificity, identifying which defendant did what and when, and how such conduct violated the automatic stay in the prior bankruptcy case.

III. CONCLUSION

    The court is concurrently issuing orders disposing of the two motions that are the subject of this Memorandum Decision.

**END OF MEMORANDUM DECISION**

```
 1                      COURT SERVICE LIST

 2  John J. Vitalich
    5000 Beach Wood Drive
 3  Seaside, CA 93955

 4  CWALT, INC.
    CT Corporation System, Registered Agent
 5  Att'n: Valerie Villegas
    818 W. 7th St., Ste. 940
 6  Los Angeles, CA 90017

 7  Alison V. Lippa, Esq.
    MCGUIREWOODS LLP
 8  1800 Century Park East, 8th Floor
    Los Angeles, CA 90067-1501
 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                              -7-
```